# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

HENRY BYRD                                    CIVIL ACTION NO. 06-0538
ROYCE PRIVETT
DAVID W. MALONE                               SECTION P
OLIVER BROWN
MARVIN TURNER                                 JUDGE MELANÇON
WILLIAM MILLS
WILLIAM DAVIS                                 MAGISTRATE JUDGE METHVIN
JOEL TAYLOR
HENRY BURRIS
EDDIE VANDERGRIFT
ALBERT SAFES

VS.

LCS CORRECTIONS SERVICES, INC.
BOB RILEY, GOVERNOR OF ALABAMA
DONAL CAMPBELL, ALABAMA PRISON
COMMISSIONER OR HIS SUCCESSOR
BILLY MITCHEM, WARDEN

## REPORT AND RECOMMENDATION

Before the court is a pro se pleading entitled "Petition for Emergency Writ of Habeas Corpus" filed on March 27, 2006 by the above named petitioners. The petitioners are inmates in the custody of the Alabama Department of Corrections (ADOC) who are presently incarcerated at either the South Louisiana Corrections Center (SLCC), Basile, Louisiana or the Pine Prairie Corrections Center (PPCC) in Pine Prairie, Louisiana. Both facilities are private prisons operated by LCS Corrections Services, Inc.

Petitioners contend that their incarceration in Louisiana violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and various provisions of Alabama law including the Alabama version of the Interstate Corrections Compact. They name as

respondents LCS Corrections Services, Inc., (LCS) Alabama Governor Bob Riley, ADOC Commissioner Donal Campbell and Billy Mitchem, the warden of the Limestone Correctional Facility in Alabama. Petitioners pray that they be "...unconditionally and immediately..." released from custody; that the ADOC be restrained from exercising any further jurisdiction over them, and that all respondents be restrained from any retaliatory actions against the petitioners. In a separate pleading filed on May 8, 2006, petitioners pray for class action certification and the appointment of petitioner Henry Byrd as class representative. [doc. 6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** and that the motion for Class Certification [doc. 6] be **DENIED.**

## BACKGROUND

_____Petitioners contend that on or about February 1, 2006, Alabama Circuit Court Judge William Shashy ordered the ADOC Commissioner to relieve over-crowding in Alabama prisons within thirty days. ADOC Commissioner Campbell resigned shortly thereafter and his Deputy Commissioner assumed his duties.

On March 16, 2006, Governor Riley, the Deputy Commissioner of ADOC, and Warden Mitchem entered into a contract with LCS Corrections Services, Inc. pursuant to the provisions of the Interstate Corrections Compact to house Alabama inmates at two LCS prisons located in Pine Prairie and Basile, Louisiana.

On March 27, 2006 petitioners filed the instant petition alleging that they are being illegally and unlawfully detained in violation of the laws of Alabama and the Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution.

## LAW AND ANALYSIS

### *1. 28 U.S.C. §2241 or 28 U.S.C. §2254*

Petitioners claim that their imprisonment in Louisiana violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and various provisions of Alabama law. They have invoked the jurisdiction of this court by filing their petition pursuant to 28 U.S.C. §2241. However, it appears that all of these petitioners are "in custody pursuant to the judgment of a state court." [1] Therefore, their petition for *habeas corpus* is governed by the provisions of 28 U.S.C. §2254. See *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339, 135 L.Ed.2d 827 (1996) ("Our authority to grant *habeas* relief to state prisoners is limited by §2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.")

Petitioners are in custody in the geographical confines of the Western District of Louisiana. While venue would probably be more appropriate elsewhere, this court may exercise jurisdiction over their *habeas corpus* petition since their Louisiana custodian is apparently acting as an agent for the State of Alabama. Compare *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

### *2. Exhaustion of State Court Remedies*

28 U.S.C. §2254 provides in pertinent part:

> ... a district court shall entertain an application for a writ of habeas
> corpus in behalf of a person in custody pursuant to the judgment of

---

[1] See Alabama's Department of Corrections website – http://www.doc.state.al.us/inmsearch.asp. Each of the petitioners is in custody pursuant to a conviction in some Alabama court.

a State court only on the ground that he is in custody in violation of
the Constitution or laws or treaties of the United States.

(b)(1) <u>An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
not be granted unless it appears that</u> –

(A) <u>the applicant has exhausted the remedies available in the courts
of the State</u>; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to
protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the
merits, notwithstanding the failure of the applicant to exhaust the
remedies available in the courts of the State... (emphasis supplied)

Federal law is clear that a state prisoner must exhaust available state court remedies as to
each and every ground upon which he claims entitlement to *habeas* relief whether pursuant to 28
U.S.C. § 2241 or § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*,
484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct.
1198, 71 L.Ed.2d 379 (1982); *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112,
1117 (5th Cir.1989).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a
federal petition were previously presented to the state's highest court in a procedurally proper
manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes
comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S.
at 523, 102 S.Ct. at 1205. As a matter of comity, the state courts must be given a fair opportunity
to hear and consider the claims raised by an applicant before those claims are heard in federal

court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Since

petitioners seek their release from custody and since *habeas corpus* is their chosen remedy, they

must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117

F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for

writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S.

509, 510 (1982).

Petitioners have not explicitly stated whether or not they have attempted to exhaust

remedies available to them under Alabama law. However, the petition suggests that their

constitutional claims have not yet been presented to the state courts. As shown above, petitioners

were transferred to Louisiana sometime after March 16, 2006. They filed their petition on March

27, 2006. Petitioners could not have litigated their claims in the Alabama courts in such a short

period of time.

### 3. Merits of the Claims

In any event, as shown above, a *habeas corpus* petition may be denied on the merits,

notwithstanding petitioners' failure exhaust available state court remedies. 28 U.S.C.

§2254(b)(2).

Petitioners contend that their custody in Louisiana violates the Fifth, Eighth, and

Fourteenth Amendments. Petitioners imply that their transfers from Alabama prisons to private

prisons in Louisiana violated substantive liberty interests protected by the Due Process Clause of

the Fourteenth Amendment.[2]  The United States Supreme Court rejected a similar argument in

*Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 1745-1746, 75 L.Ed.2d 813 (1983). There,

the Court upheld the constitutionality of a state prisoner's transfer from Hawaii to California and

noted,  "Just as an inmate has no justifiable expectation that he will be incarcerated in any

particular prison within a State, he has no justifiable expectation that he will be incarcerated in

any particular State. Often, confinement in the inmate's home State will not be possible.  A

person convicted of a federal crime in a State without a federal correctional facility usually will

serve his sentence in another State. Overcrowding and the need to separate particular prisoners

may necessitate interstate transfers." *Olim v. Wakinekona*, 461 U.S. at 245-246, 103 S.Ct. at

1745-1746.  Nor does petitioners' transfer from a state prison to a private prison alter the

analysis. Compare  *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000).   In short, petitioners have

no constitutional right to be incarcerated in any particular prison and their transfer to the LCS

prisons in Louisiana cannot serve as the basis for federal habeas corpus relief. See *White v.

Lambert*, 370 F.3d 1002 (9th Cir. 2004).

To the extent that petitioners claim that their transfer from Alabama to Louisiana violates

Alabama law, such a claim is simply not cognizable in a petition for federal writ of *habeas

corpus*.  See 28 U.S.C. § 2241(c)(3) which provides in part,  "The writ of *habeas corpus* shall not

extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties

of the United States..." ; see also §2254(a) which provides,  "... a district court shall entertain an

---

[2] It is unclear how the respondents' actions violated either the Fifth Amendment or the Eighth Amendment. The Fifth Amendment's Due Process guarantees prohibit deprivations of life, liberty, or property by the Federal government. The Eighth Amendment prohibits cruel and unusual punishment. Petitioner's have alleged no facts which suggest that the respondents have violated this prohibition.

application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>." (emphasis supplied)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Petitioners are clearly not entitled to relief and their petition for habeas corpus should be dismissed pursuant to the provisions of Rule 4.

### 4. Class Certification

Since dismissal of the petition has been recommended, denial of petitioners' Motion for Class Action Status is also appropriate.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief;

**IT IS FURTHER RECOMMENDED** that the Motion for Class Action Status [doc. 6] be **DENIED** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 28, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)